UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and UL LLC, a Delaware limited liability company,

Plaintiffs,

v.

SHENZHEN FANGYU TRADING CO., LTD., a Chinese corporation; SHENZHEN GUODUOSHENG TECHNOLOGY CO., LTD., a Chinese corporation; SHENZHEN PERUITE E-COMMERCE CO., LTD., a Chinese corporation; SHENZHEN FENGFAN SHUN TRADING CO., LTD., a Chinese corporation; XINCHENG FUTURE (HK) CO., LTD., a Hong Kong corporation; and DOES 1-10,

Defendants.

No. 2:25-cv-02480-KKE

**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**

WHEREAS, Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (collectively, “Amazon”), and UL LLC (“UL” and with Amazon, “Plaintiffs”) filed this action against Shenzhen Fangyu Trading Co., Ltd. (“Fangyu”), Shenzhen Fengfan Shun Trading Co., Ltd. (“Fengfan”), Shenzhen Guoduosheng Technology Co., Ltd. (“Guoduosheng”), Shenzhen Peruite E-Commerce Co., Ltd. (“Peruite”), and Xincheng Future (HK) Co., Ltd. (“Xincheng”) (collectively,

"Defendants") seeking injunctive relief and monetary damages, including treble damages, costs, and attorneys' fees;[1]

WHEREAS, Plaintiffs alleged in the Complaint claims against Defendants for: (i) trademark counterfeiting and trademark infringement under 15 U.S.C. § 1114; (ii) false designation of origin under 15 U.S.C. § 1125(a); (iii) violation of the Washington Consumer Protection Act, RCW 19.86.010, *et seq.*; and (iv) breach of contract (collectively, the "Claims");

WHEREAS, Plaintiffs and Defendants have agreed to resolve their dispute;

WHEREAS, Defendants do not admit any liability, wrongdoing, or any violation of law by stipulating to this Consent Judgment and Permanent Injunction;

WHEREAS, Plaintiffs and Defendants now stipulate and consent to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein;

NOW THEREFORE, Plaintiffs and Defendants hereby stipulate to and request that the Court order the following Consent Judgment and Permanent Injunction:

IT IS ORDERED, ADJUDGED AND DECREED, AS FOLLOWS:

1. The Court has personal jurisdiction over each of the parties to this action. The Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

2. On December 5, 2025, Plaintiffs filed a Complaint against Defendants asserting the Claims.

3. At the time the Complaint was filed and at the time of Defendants' alleged wrongful conduct, UL owned the following registered marks (the "UL Marks"), all of which are valid, unrevoked, and subsisting, and which constitute prima facie evidence of UL's exclusive ownership of the marks during all relevant periods:

[1] Plaintiffs have dismissed without prejudice their claims against Does 1 through 10.

| **Mark** | **Registration No. (International Classes)** |
|---|---|
| UL | 782,589 (IC A) |
| UL | 2,391,140 (IC A) |
| UL CERTIFIED | 4,283,960 (IC A) |
| UL VERIFIED verifyUL.com | 5,835,970 (IC A) |
| UL | 4,201,014 (IC 9, 16, 35, 41, 42) |

4. Plaintiffs allege that Defendants advertised, marketed, offered, distributed, and sold electric bikes in the Amazon.com store ("Amazon Store") in connection with the UL Marks, without authorization, in order to deceive customers that the products were certified by UL, and that Defendants also advertised, marketed, offered, distributed, and sold electric bikes using the UL Marks, without authorization, through their own websites, cycrown.com and ridepluxebikeshop.com. Plaintiffs allege that this conduct in the Amazon Store was in violation of Amazon's policies, and that the conduct violated UL's intellectual property rights and the law. Plaintiffs further allege that the actions of Defendants constituted trademark counterfeiting, trademark infringement, and false designation of origin under the Lanham Act; violated the Washington Consumer Protection Act; and constituted breach of contract.

5. The unauthorized use of the UL Marks in connection with Defendants' products created the erroneous impression that those products were certified, verified, authorized, or approved by UL, even though they were not.

6. Amazon's Business Solutions Agreement, which Defendants entered into with Amazon.com Services LLC in order to sell products in the Amazon Store, prohibits the sale of counterfeit products and the submission to Amazon of inaccurate, false, or misleading information and documents.

7. Defendants' sale of e-bikes in connection with the UL Marks, without UL's authorization, has caused, and unless enjoined by this Court will continue to cause, serious and irreparable injury to Plaintiffs, for which they have no adequate remedy at law.

8. The Parties represent that they have read this Consent Judgment and Permanent Injunction, entered into it voluntarily, and have had the opportunity to seek the advice of counsel prior to their consent to this Judgment.

**NOW, THEREFORE, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:**

9. The Court enters this Consent Judgment and Permanent Injunction based on the Parties' agreement and Defendants' consent to the relief set forth herein. This Consent Judgment resolves Plaintiffs' claims alleged in the Action as follows: (i) in favor of UL against Defendants for trademark counterfeiting and trademark infringement under 15 U.S.C. § 1114; (ii) in favor of UL and Amazon against Defendants for false designation of origin under 15 U.S.C. § 1125(a); (iii) in favor of UL and Amazon against Defendants for violation of the Washington Consumer Protection Act, RCW 19.86.010, *et seq.*; (iv) in favor of UL and Amazon against Defendants for violation of the Washington Consumer Protection Act, RCW 19.86.010, *et seq.*; and (v) in favor of Amazon.com Services LLC against Defendants for breach of contract.

10. Upon the entry of this Judgment, Defendants and their officers, agents, representatives, servants, employees, successors, and assigns, and all others in active concert or participation with Defendants shall be permanently enjoined from:

(i) importing, manufacturing, producing, distributing, circulating, offering to sell, promoting, or displaying any product or service using any simulation, reproduction, counterfeit, copy, or colorable imitation of UL's certification marks or service marks, or which otherwise infringes UL's intellectual property, in any store or in any medium;

(ii) using any false designation of origin or false description or performing any act which is likely to lead members of the trade or public to believe that any service or product offered, distributed, or sold by Defendants is in any manner certified, tested, associated or connected with UL, or is sold, manufactured, licensed, sponsored, approved, or authorized by UL; or

(iii) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ii) above;

11. The Court shall retain exclusive personal and subject matter jurisdiction to enforce the terms of this Judgment and Permanent Injunction.

12. Each party shall bear its attorneys' fees and costs incurred in connection with this matter.

13. Upon entry of this Judgment and Permanent Injunction, this action is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

DATED THIS 8th day of September, 2026.

Kymberly K. Evanson
United States District Judge